**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CARL DROWNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00520-DGK |
| | ) | |
| VILLAGE OF OAKVIEW, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Carl Drowns is the former Chief of Police of the Village of Oakview, Missouri. Several years ago, he filed an employment discrimination lawsuit against Defendants which the parties subsequently settled. This lawsuit arise from Plaintiff's contention that since that lawsuit Defendants have issued him numerous municipal citations, all of which are baseless

The relevant procedural history of this case is as follows. On June 26, 2025, Plaintiff filed his Third Amended Petition in the Circuit Court of Clay County, Missouri. Defendants removed the case to federal court on July 7, 2025, where it was assigned to the Honorable Gary Fenner, Senior United States District Court Judge for the Western District of Missouri.

On July 14, 2025, Defendants filed a Rule 12(b)(6) motion to dismiss. ECF No. 6. Plaintiff filed his suggestions in opposition on August 13, 2025, and Defendants filed their reply on August 27, 2025.

On September 10, 2025, Judge Fenner entered the Scheduling Order, ECF No. 17, which set February 16, 2026, as the deadline to amend the pleadings. The next day, Plaintiff filed a purported Amended Complaint, ECF No. 18. The notable change in the Amended Complaint is that it alleges that Defendants waived sovereign immunity through the purchase of insurance,

apparently in response to arguments raised on Defendants' motion to dismiss.  *See* Am. Compl. ¶¶ 43, 49, and 55.

On September 25, 2025, Defendants' filed a Motion to Strike the Amended Complaint, ECF No. 19, because it did not comply with Federal Rule of Civil Procedure 15(a).  On October 16, 2025, Plaintiff filed his response and a Motion for Leave to Amend, ECF No. 23.

On December 2, 2025—shortly before briefing was complete on all these pending motions—this case was transferred to the undersigned.

The Court rules as follows.

With respect to Plaintiff's Motion for Leave to Amend, Rule 15(a)(2) provides "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  While "leave to amend shall be freely given when justice so requires, plaintiffs do not have an absolute or automatic right to amend."  *United States v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citations omitted).  "Leave is properly denied when there has been undue delay, bad faith, or dilatory motive on the part of the movant, if the amendment would cause undue prejudice to the non-movant, or if the amendments would be futile."  *Harris v. SWAN, Inc.*, 459 F. Supp. 2d 857, 865 (E.D. Mo. 2005).

In the present case, since the existing scheduling order gives Plaintiff until February 16 to file an amended complaint, the Court finds no undue delay, bad faith, or dilatory motive on Plaintiff's part.  The Court also finds Defendants will not suffer any undue or unfair prejudice, because they can file a new motion to dismiss at little marginal cost since they have essentially already identified the relevant issues and partially briefed them.  While Plaintiff's attempt to amend may be futile with respect to some of the five counts in the Amended Complaint,[1]  the Court

---

[1] Although the last count is captioned "Count VI," the Amended Complaint contains only five counts.

has to make the futility analysis on a claim-by-claim basis, and the existing record is too underdeveloped for the Court to make this determination. Thus, the Court cannot say the proposed amendment is futile. Finally, the Court holds the interests of justice are served by allowing Plaintiff to file the proposed amended complaint.

Accordingly, Plaintiff's Motion for Leave to Amend, ECF No. 23, is GRANTED. Plaintiff shall file an amended complaint on or before December 12, 2025. The amended complaint shall be identical to that filed as an exhibit at ECF No. 24-1, with the exception that "Count VI" shall be recaptioned "Count V" to correct the typographical error.

Defendants' Motion to Dismiss, ECF No. 6, and Motion to Strike the Amended Complaint, ECF No. 19, are DENIED AS MOOT.

On a closing note, it appears to the Court that some of the animosity in this case, as well as the number of filings, could be reduced if Plaintiff's counsel were more familiar with the Federal Rules of Civil Procedure and carefully reviewed her briefs before filing them. For example, Plaintiff's counsel filed the proposed Amended Complaint without first seeking leave of court or Defense counsel's consent, which violates the Rules. She also concedes that she mistakenly wrote in a brief filed with the Court that she had sought Defendant's written consent to file the amended complaint, but defense counsel declined—a statement which was patently untrue. The Court reminds Plaintiff's counsel that these kinds of mistakes can potentially result in sanctions.

   **IT IS SO ORDERED.**

Date: <u>December 9, 2025</u>          <u>  /s/ Greg Kays  </u>
                                       GREG KAYS, JUDGE
                                       UNITED STATES DISTRICT COURT

3